FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. O'DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cv-06839 |
| | ) | JUDGE ALONSO |
| CAINE & WEINER COMPANY, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A JUDGMENT
AS A MATTER OF LAW ON EQUAL PAY ACT
AND TITLE VII GENDER DISCRIMINATION CLAIMS**

NOW COMES the Defendant, CAINE & WEINER COMPANY, LLC ("Caine Weiner"), by and through its attorneys O'HAGAN MEYER, LLC, and moves this Honorable Court for a Judgment as a Matter of Law under Rule 50(a) of the Federal Rules of Civil Procedure on Plaintiff's claims for retaliation under Title VII of 1964, 42 USCS § 2000e-3 and the Equal Pay Act, 29 U.S.C. 206(d). In support thereof, Defendant states as follows:

**INTRODUCTION**

Patricia O'Donnell ("Plaintiff") has not shown through any testimony or documents that she had a substantially equal job as John Czapor or Karl Anderson. Besides not showing that her job required equal skill, effort and responsibility as John Czapor and Karl Anderson, she has not shown that she had substantially the same job duties as them. Plaintiff has not shown any evidence that she had sales duties like Karl Anderson or management duties like John Czapor (which are both just one piece of the differences in duties from the evidence at trial). Furthermore, the evidence does not show that Plaintiff has the same skills as these individuals, let alone that her job took the same effort or had the same responsibility level. Finally, the

evidence presented lacks any showing of "intent" by Caine Weiner to discriminate against Plaintiff based on her gender regarding the pay she received, which she is required to prove to prevail under a Title VII claim for gender discrimination based on pay.

## ARGUMENT

### A. Rule 50(a) Standard

Under Rule 50(a), a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed R. Civ. P. 50(a); see also *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000).

"A motion for judgment as a matter of law should be granted only when there can be but one conclusion from the evidence." *Id.* at 636 (citation omitted). The Court should apply this standard in reviewing Defendant's arguments for judgment on each count. *Roberts v. County of Cook*, 01 C 9373, 2004 WL 1088230, at *1 (N.D. Ill. May 12, 2004).

### B. Equal Pay Act Standard

The Equal Pay Act of 1963, 29 U.S.C. 206(d), prohibits discrimination in wages based on sex. To establish a *prima facie* case of wage discrimination under the Equal Pay Act, O'Donnell must show that Caine Weiner pays different wages to employees of opposite sexes for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions. *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998). "While the work performed by the two employees, or groups of employees, need not be identical, it must be "substantially equal." If the Plaintiff succeeds in proving a *prima facie* case, the burden shifts to the Defendant to show that any pay differential is justified under one of the Equal Pay Act's four exemptions." 29 U.S.C.S. § 206(d)(1); *Epstein v. Secretary*, *United States Dep't of Treasury*, 739 F.2d 274, 275 (7th Cir. 1984). "These exemptions are (i) a seniority system; (ii) a

2

merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. The Equal Pay Act specifies three separate elements that are to be considered in comparing job duties: (1) skill; (2) effort; and (3) responsibility. 29 U.S.C.S. § 206(d)(1). Each of these elements must be met individually to establish a *prima facie* case." 29 C.F.R. § 1620.14. Moreover, the jobs must be performed under similar working conditions." 29 U.S.C.S. § 206(d)(1). *Id.*

"Under the Equal Pay Act, skill includes consideration of such factors as experience, training, education, and ability. In the context of the Equal Pay Act, education is a relevant consideration in determining whether disparate salaries exist for reasons other than sex." *Cullen*, *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 695 (7th Cir. 2003).

"The proper domain of the Equal Pay Act consists of standardized jobs in which a man is paid significantly more than a woman (or anything more, if the jobs are truly identical) and there are no skill differences." *Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771-772 (7th Cir. 2007).

### C. **A Reasonable Juror Could Not Find For Plaintiff On Her Equal Pay Act Claim**

There was no evidence presented in this trial that Patricia O'Donnell has substantially equal job duties that required the same skill, effort and responsibility as the alleged comparators John Czapor and Karl Anderson. To the contrary, Chris Melisko, Joe Batie, John Pucin, Frank Dispensa and Brian Patterson testified that they had different job duties, which required different skills, efforts, and responsibilities. Patricia O'Donnell admitted in her testimony that she did not have the same job duties as these individuals. She stated specifically that she worked on GCS and the capital project which were duties that John Czapor and Karl Anderson did not have. Those were the only job duties that Plaintiff even brought into evidence in this trial that she had while working at Caine Weiner.

Chris Melisko, Joe Batie, John Pucin, Frank Dispensa and Brian Patterson testified that John Czapor had management duties in Kentucky in an assistant collection manager role and had office manager duties.  Furthermore, John Czapor was under different working conditions in the smaller Kentucky office and wore different hats.  Plaintiff's testimony in this case did not contradict these assertions and she even admitted in her testimony that she "did not know John Czapor's other job duties" that he had besides his client relations manager duties. There was no one that testified that stated he did not have these duties (including Plaintiff).

As for Karl Anderson, Plaintiff did not establish she had any sales duties.  She further did not rebut the laundry list of Karl Anderson's duties he had related to sales that were different than Plaintiff. She did not provide any testimony that she would meet with clients or go out on sales calls with clients.  Plaintiff did not establish evidence that she had a commission structure such as Karl Anderson that was based on sales.  Furthermore, she did not establish she had a college education or had 18 years of experience prior to coming to work for Caine Weiner at a collection agency.  Finally, there is no evidence presented at trial that Plaintiff managed her own clients like Karl Anderson.

Plaintiff did not even establish her own job duties at Caine Weiner (besides admitting a flow chart into evidence), but did not establish the flow chart even had the duties that Karl Anderson and John Czapor performed.

    **D.   Title VII Gender Discrimination Based On Pay Standard**

A Title VII wage discrimination claim requires direct evidence of intentional discrimination. *Gibson v. American Library Ass'n*, 846 F. Supp. 1330, 1337 (N.D. Ill. 1993); See, e.g., *E.E.O.C. v. Sears, Roebuck & Co.*, 839 F.2d 302, 342-43 (7th Cir. 1988); *American Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 721 (7th Cir. 1986); see also *Gallagher v. Kleinwort*

*Benson Gov. Securities*, 698 F. Supp. 1401, 1405 N.D. Ill. 1988). To show a *prima facie* case in a Title VII wage discrimination claim, "a Plaintiff must either proffer direct evidence of intentional sex discrimination in pay." *Dunn v. United Airlines*, 1998 U.S. Dist. LEXIS 3636, *9 (N.D. Ill. Mar. 11, 1998); citing *Jaskowski v. Rodman & Renshaw*, 842 F. Supp. 1094, 1099 (N.D. Ill. 1994).

Plaintiff must show an "intent to discriminate, and the intent must encompass an actual desire to pay women less than men because they are women." *Bartlett*, 2010 U.S. Dist. LEXIS 42808 at *26; *Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 525 (7th Cir. 1994); see also *E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 2*, 818 F.2d 577, 587 (7th Cir. 1987). This has not been shown.

### E. A Reasonable Juror Could Not Find For Plaintiff On Her Title VII Gender Discrimination Based on Pay Claim

There was no direct evidence of intentional sex discrimination based on pay established into evidence. There was no evidence introduced at trial that her pay had anything to do with her sex or that her pay was based upon her being a female and not male.

The record is devoid of any direct evidence, verbal or otherwise, that "a sex-based compensation program was at work." *Gorence v. Eagle Food Ctrs.*, 1998 U.S. Dist. LEXIS 4893, *34 (N.D. Ill. Apr. 6, 1998); citing *Loyd*, 25 F.3d at 525. No witness, not even Plaintiff stated that she believed she was paid less at Caine Weiner because she is a woman at trial. Joe Batie and Frank Dispensa testified that her pay is based off of what her duties were, as well as her skill, effort and responsibility. There is no evidence that was presented in this case that anyone had any discriminatory animus towards Plaintiff because she was a female and not male.

# **CONCLUSION**

For all the reasons stated herein, Defendant Caine & Weiner Company, LLC requests that this Court enter an Order granting Plaintiff's Judgment as a Matter of Law under Rule 50(a) of the Federal Rules of Civil Procedure on Plaintiff's claims under The Equal Pay Act of 1963, 29 U.S.C. 206(d) or Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.

By:    /s/ Kevin M. O'Hagan
        Attorney for Caine & Weiner Company, LLC

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer, LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100 TEL
312.422.6110 FACSIMILE
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
rbenson@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on June 15, 2017, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a):

Ernest T. Rosellio
ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
134 North LaSalle Street, Suite 1760
Chicago, Illinois 60602
etr@rossiellolaw.com

        /s/ Kevin M. O'Hagan

        Kevin M. O'Hagan (ARDC No. 6211446)
        Jamie L. Filipovic (ARDC No. 6278943)
        Ryan T. Benson (ARDC No. 6312338)
        O'Hagan Meyer, LLC
        One East Wacker Drive
        Suite 3400
        Chicago, Illinois 60601
        312.422.6100 TEL
        312.422.6110 FACSIMILE
        kohagan@ohaganmeyer.com
        jfilipovic@ohaganmeyer.com
        rbenson@ohaganmeyer.com