FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PATRICIA J. O'DONNELL, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cv-06839 |
| | ) | JUDGE ALONSO |
| CAINE & WEINER COMPANY, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A JUDGMENT
AS A MATTER OF LAW ON RETALIATION CLAIMS**

NOW COMES the Defendant, CAINE & WEINER COMPANY, LLC ("Caine Weiner"), by and through its attorneys O'HAGAN MEYER, LLC, and moves this Honorable Court for a Judgment as a Matter of Law under Rule 50(a) of the Federal Rules of Civil Procedure on Plaintiff's claims for retaliation under Title VII of 1964, 42 USCS § 2000e-3 and the Equal Pay Act, 29 U.S.C. 206(d). In support thereof, Defendant states as follows:

**INTRODUCTION**

Patricia O'Donnell ("Plaintiff") has shown no discriminatory motive for why Brian Patterson, Frank Dispensa, Joe Batie or Chris Melisko would recommend her termination based on the complaints she made regarding wages. The evidence established in Plaintiff's case in chief is merely that Plaintiff made complaints and that the decision to terminate her came after she took and copied confidential information. To establish retaliation, Plaintiff must prove by a a preponderance of the evidence that her complaints were a motive in her termination. Not only has she not met her burden, there is not even a scintilla of evidence of motive. No witness has

presented evidence that a reasonable trier of fact could find in favor of Plaintiff on her retaliation claims.

## ARGUMENT

### A. Rule 50(a) Standard

Under Rule 50(a), a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed R. Civ. P. 50(a); see also *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000).

"A motion for judgment as a matter of law should be granted only when there can be but one conclusion from the evidence." *Id.* at 636 (citation omitted). The Court applies this standard in reviewing Defendants' arguments for judgment on each count. *Roberts v. County of Cook*, 01 C 9373, 2004 WL 1088230, at *1 (N.D. Ill. May 12, 2004).

### B. Title VII and Equal Pay Act Retaliation Standard

O'Donnell has brought two separate retaliation claims that she has tried to present to the jury in this trial. The first is under Title VII of 1964, 42 USCS § 2000e-3 and the second under the Equal Pay Act, 29 U.S.C. 206(d). In order to set forth a claim based on retaliation under the Equal Pay Act or Title VII, O'Donnell must allege that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse action by her employer or former employer; and (3) a causal link exists between the protected expression and the adverse action. See *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 868-69 (7th Cir. 1995); also see *EEOC v. K & J Mgmt., Inc.*, 2000 U.S. Dist. LEXIS 8012, 7 (N.D. Ill. June 7, 2000); *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000).

To establish causation, a plaintiff must do more than merely point to the temporal link between engaging in protected activity and an adverse employment action; rather, the plaintiff must put forth other evidence that suggests that the protected activities were related to the employer's decision. *Hall v. Forest River, Inc.*, 536 F.3d 615 (7th Cir. 2008).

"In the context of a claim of retaliation, while it is true that a court may consider temporal proximity of the protected expression and the adverse employment action in its causation analysis, temporal sequence is not all the court considers. The court must look to any intervening cause that breaks the causal chain." *Smith v. Am. Airlines, Inc.*, 2001 U.S. Dist. LEXIS 8443, *14 (N.D. Ill. June 19, 2001). "Thus, an intervening cause precludes the inference from timing alone." *Paquet v. Pace*, 156 F. Supp. 2d 761, 773 (N.D. Ill. 2001).

### C. No Caine Weiner Supervisor Had Any Discriminatory Animus Prior to Recommending Patricia O'Donnell Be Terminated Based On Her Complaints

There has been no testimony or evidence that suggests that Plaintiff's complaints were related to Caine Weiner's decision to terminate Plaintiff. In fact, every witness has testified that her complaints had no part in any employment decision. More importantly, no company witness even said it affected them at all: not one single negative word about her wage and discrimination complaints. To the contrary, the witness testimony from Chris Melisko, Joe Batie, John Pucin, Frank Dispensa and Brian Patterson was that Plaintiff was listened to and encouraged to seek her rights and told to just keep doing her job. Quite frankly, Caine Weiner's handling of her complaints was just the opposite of animus or motive.

In a 7th circuit decision reviewing the district courts granting of a judgment as a matter of law based on retaliation, they reviewed the evidence of the decision makers to determine if there was any evidence of discriminatory motive presented. See *Willis v. Marion County Auditor's*

3

*Office*, 118 F.3d 542, 547 (7th Cir. 1997). There has been no showing that Chris Melisko, Joe Batie, John Pucin, Frank Dispensa and Brian Patterson or any other individual at Caine Weiner had any animus to Patricia O'Donnell making complaints of discriminatory pay. If any individual at Caine Weiner had an issue with Plaintiff complaining about pay in relation to others at the company, she would have been terminated long before she copied personnel documents.

> D. **The Facts Presented At Trial Show More Than O'Donnell Just Inadvertently Finding Confidential Documents, Which Was The Basis For Denying The Previously Filed Motion For Summary Judgment**

The facts presented at trial are that Patricia O'Donnell "<u>made copies</u>" of personnel documents which led to her immediate dismissal and termination. Any "inadvertence" regarding possession does not apply to her copying of sensitive and confidential documents. The act of copying them cannot be said to be inadvertent. This court denied Defendant's previous motion for summary judgement based on the fact that it was thought that, "A jury could find that an employee's inadvertently finding confidential documents among her own things is such a flimsy reason for terminating her that it cannot be credited, and that it was a pretext for retaliation for protected activity." (See Order Denying Motion For Summary Judgement attached as Exhibit A, p. 8 ¶ 2).

The facts established after Plaintiff presented her case are that she made copies of confidential employment documents. After she confessed to doing this, she was immediately suspended the next day and terminated. The confession to taking and copying confidential documents breaks any casual chain to connect her complaints about wages to her eventual termination.

The evidence has established that Patricia O'Donnell took confidential employee documents and that <u>no</u> decision had been made prior to terminate her until she took this action.

4

Based on her actions and the testimony at this trial, there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the issue of retaliation.

## **CONCLUSION**

For all the reasons stated herein, Defendant Caine & Weiner Company, LLC requests that this Court enter an Order granting Plaintiff's Judgment as a Matter of Law under Rule 50(a) of the Federal Rules of Civil Procedure on Plaintiff's claims for retaliation under Title VII of 1964, 42 USCS § 2000e-3 and the Equal Pay Act, 29 U.S.C. 206(d).

By: /s/ Kevin M. O'Hagan
Attorney for Caine & Weiner Company, LLC

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer, LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
312.422.6100 TEL
312.422.6110 FACSIMILE
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
rbenson@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 15, 2017, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a):

Ernest T. Rosellio
ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
134 North LaSalle Street, Suite 1760
Chicago, Illinois 60602
etr@rossiellolaw.com

/s/ Kevin M. O'Hagan

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Ryan T. Benson (ARDC No. 6312338)
O'Hagan Meyer, LLC
One East Wacker Drive
Suite 3400
Chicago, Illinois  60601
312.422.6100 TEL
312.422.6110 FACSIMILE
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
rbenson@ohaganmeyer.com